FILED
1/27/2023 11:37 AM
Pamela Renee Crews, District Clerk
**Tyler County, TX**
**By: Renee Crews**

CAUSE NO. 26,187

| | | |
|---|---|---|
| **JEANNIE G. BENNETT** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **TYLER COUNTY, TEXAS** |
| | § | |
| | § | |
| | § | |
| **THE INDEPENDENT ORDER OF** | § | |
| **FORESTERS** | § | |
| *Defendant.* | § | **___JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE:**

COMES NOW, Jeannie G. Bennett ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of The Independent Order of Foresters ("Foresters") (referenced herein as "Defendant"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case stems from an insurance dispute arising out of nonpayment of proceeds from Gerald Bennett's (Mr. Bennett) life insurance to his named beneficiary, Jeannie G. Bennett. This case involves issues stemming from violations of the Texas Insurance Code, Texas Deceptive Trade Practices, Common Law Breach of Good Faith and Fair Dealing, and the insurance policy at issue. The parties will be involved in detailed discovery concerning claims-handling practices, and delayed investigation and nonpayment of claims, including Plaintiff's Claim, and the systematic approach by Foresters, its adjusters, and representatives in handling

these types of claims.  In addition, plead below, are other causes of action that apply to the relationship between the parties and the duties of Defendant towards Plaintiff.  These complex issues require that discovery be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

## PARTIES

2.      Plaintiff Jeannie G. Bennett is an is an individual residing in Tyler County, Texas.

3.      Defendant **The Independent Order of Foresters** is an insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its registered agent for service of process, Corporate Creations Network Inc.. 5444 Westheimer Rd. Ste. 1000, Houston, Texas 77056.

## JURISDICTION

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

5.      The Court has jurisdiction over Foresters because this Defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

6.      Venue is proper in Tyler County, Texas, because the Plaintiff lives in Warren, Texas which is located in Tyler County. TEX. CIV. PRAC. & REM. CODE §15.032.

2

## FACTS

7.    Plaintiff Jeannie Bennett is the beneficiary of Life Insurance Certificate Number 9011391 (the "Policy"), issued by Foresters insuring the life of Gerald Bennett (Mr. Bennett), her husband.

8.    On November 6, 2021, Mr. Bennett was admitted to CHI St. Luke's Health Memorial-Livingston Hospital and diagnosed with Covid-19. Unfortunately, like hundreds of thousands of people, on November 20, 2021, he passed away from this terrible disease. His official cause of death was listed as Covid-19 Pneumonia.

9.    Shortly thereafter, Plaintiff notified Foresters of her husband's death and made a claim against Certificate Number 9011391 as beneficiary of the Policy. On December 2, 2021, Plaintiff received a letter from Foresters requesting Plaintiff sign a "Claimant's Statement and Authorization for Disclosure of Medical and Health-Related Information." In addition, Foresters requested a copy of Mr. Bennett's Death Certificate. The letter also stated that since the insured's death was within the first 2 years of certificate issue, the Claim is considered contestable, and the medical information disclosed at the time of application would be reviewed. Plaintiff complied and returned all the requested documentation.

10.   Mr. Bennett was Plaintiff's primary support; therefore, she was in immediate need of these funds. Plaintiff made numerous attempts to contact Foresters regarding the delay in processing her Claim but was unsuccessful in obtaining a resolution. Frustrated with trying to resolve this matter on her own, Plaintiff retained legal counsel to assist her with this Claim. Plaintiff's counsel sent Foresters a letter of representation on May 3, 2022.

11.   On May 5, 2022, Lisa Buckland ("Buckland"), Senior Claims Adjudicator for Foresters, sent a letter of acknowledgement and advised Plaintiff's counsel that Foresters was investigating the Claim and had requested medical records that could take several weeks to obtain. On May 16,

Envelope: 72213320

2022, Plaintiff's counsel advised Buckland that Plaintiff had signed the requested authorization more than five months ago, which should have been sufficient time to obtain the needed records. On May 24, 2022, Buckland sent a letter advising that the Houston VA Medical Clinic required a copy of Plaintiff's driver's license and a copy of her marriage license in order to release the medical records. Plaintiff's counsel obtained these items from Plaintiff and the copies were sent to Buckland on June 7, 2022.

12.    On June 27, 2022, after months of delays, Plaintiff's counsel sent a Demand Letter to Foresters in the amount of $155,380.00. On August 5, 2022, Parker Brown ("Brown"), General Counsel for Foresters, responded to the Demand Letter and stated that Foresters could not complete its review of the Claim without the VA Hospital records which they were still waiting on.

13.    On August 8, 2022, Plaintiff's counsel sent Forester's General Counsel Mr. Bennett's medical records from his admission date of November 6, 2021, to his date of death on November 20, 2021. On August 15, 2022, Forester's General Counsel informed Plaintiff's counsel that the medical records Foresters required was from February 2010 to June 2020, which were dates prior to Mr. Bennett's application for the insurance certificate. On September 1, 2022, Plaintiff's counsel responded to Forester's General Counsel and requested the basis for the ten years of Mr. Bennett's medical records and requested a copy of the original application.

14.    On September 21, 2022, Forester's General Counsel responded by providing Plaintiff's counsel with a copy of the original application and emphasized question No. 15 of the application which stated, "*With in the past 10 years, have you been diagnosed with, or received treatment or medication, tested positive or been given medical advice for...*" followed by an extensive list of ailments and/or diseases.

15.    A review of the original application indicated the Mr. Bennett checked three boxes for the extensive list of ailments and/or diseases and listed the corresponding medications prescribed for those medical issues on page 3 of the application.

16.    Foresters has had ten months to investigate and resolve this Claim. The delayed payment has caused a great hardship on Plaintiff. Mr. Bennett's cause of death was Covid-19 Pneumonia and clearly not related to any possible misinformation on his original application. Foresters is just searching for a reason to deny Plaintiff her rightful proceeds from this certificate as beneficiary.

17.    Foresters delayed investigations and improper claims handling, led to Foresters' improper nonpayment of Plaintiff's Claim even though the Policy provided coverage in the event of Mr. Bennett's death. These substandard investigations as reflected in the continued delay, did not even meet the minimum standards of performance pursuant to industry standards in Sections 21.203 and 21.205, applicable law, or otherwise. *See* TEX. ADMIN. CODE §§21.203, 21.205.

18.    Foresters' failure to perform its contractual duties to adequately compensate Plaintiff under the terms of its Policy, constitutes a breach of the insurance contract/Policy between Foresters and Plaintiff as heir and beneficiary to Mr. Bennett's Policy. Over a century ago, Justice Learned Hand wrote: "[a] contract is an obligation attached by the mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent." *Hotchkiss v. Nat'l City Bank,* 200 F. 287, 293 (S.D.N.Y. 1911). The insurance Policy in effect between Plaintiff and Foresters is a contract wherein the insurance company, Foresters offers to provide insurance coverage associated therewith in exchange for the policyholders' payment of monthly premiums in consideration of the contract. Texas law recognizes a cause of action for breach of contact. Pursuant to Texas law, any party to the contract can initiate legal action against the other party(s) for violations of that contract that causes damages. A breach of contract claim is distinct and

Envelope: 72213320

independent from a tort claim such as a breach of the duty of good faith and fair dealing or a violation of statutory or other extra-contractual claims. Tort and contract claims are separate and independent, yet, they are factually interwoven, and the same evidence is often admissible in litigation on both types of claims.

19.    Besides breaching the contract, Foresters committed a tort in this matter by wrongfully denying proper payment to Plaintiff for her Claim and by wholly failing to properly handle Plaintiff's Claim, which constitutes a breach of the duty of good faith and fair dealing owed to Plaintiff as beneficiary to an insurance contract with Mr. Bennett, here Foresters. "Good faith and fair dealing" is defined as that degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987). The concept of good faith and fair dealing is based on the parties' special relationship formed from the parties' "unequal bargaining power." Insurers, like Foresters have the ability to more easily take advantage of beneficiaries like Plaintiff, due to an insurer's control over the evaluation, processing, and denial of claims. This unlevel playing field between an insurer and beneficiaries further justifies the imposition of a common-law duty on insurers to deal fairly and in good faith with their policyholders' beneficiaries which Foresters breached in failing to deal fairly and in good faith with Plaintiff here.

20.    Foresters' conduct also constitutes the commission of another tort— Foresters' violations of the Texas Insurance Code. Here, in Texas, the vast majority of insurance policies, including Foresters' Policy contract with Mr. Bennett and by proxy with Plaintiff, does not contain provisions to account for an insurance company's and/or their agents and representatives' (potentially improper) tort acts or omissions undertaken through their handling of a claim. It cannot be denied that such conduct has a detrimental effect on beneficiaries, like Plaintiff here, when a

Envelope: 72213320

claim is unnecessarily drawn out. To account for such tort acts and omissions that fall outside the four-corners of the contract language (but nonetheless affect the claim and/or detrimentally harm the beneficiaries), the Texas Legislature specifically created and enacted the Texas Insurance Code to protect consumers and regulate insurance professionals, like Foresters. Chapters 541 and 542 of the Texas Insurance Code include duties and obligations that any person or entity engaged in the business of insurance in the State of Texas must follow. Those duties and obligations are wholly independent of those to which an insurer may be contractually responsible. Specifically, Chapter 541 of the Texas Insurance Code states; "the purpose of this chapter is to regulate trade practices in the business of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices." Chapters 541 and 542 of the Texas Insurance Code describe various claims settlement practices, among extensive other rules and requirements in which anyone conducting the business of insurance in the State of Texas must not engage or undertake. Insurance policies in Texas, such as Decedent' s Policy with Foresters which gives rise to a breach of contract claim, are silent as to these statutory provisions which give rise to a tort claim. These two bodies of law (contract and tort), as noted above, are entirely independent areas of the law with independent issues, under independent bodies of law with unique causes of action and damages.

21.    Foresters has committed a series of torts when it violated the Texas Insurance Code by delaying Plaintiff's payment of the proceeds from Mr. Bennett's Policy as the beneficiary to said Policy. Foresters' failure to pay the Claim has caused Plaintiff to suffer "actual damages" which, under the Texas Insurance Code, are those recoverable at common law and which include benefit-of-the-bargain damages, commonly referred to as "policy benefits," which signify the difference of the value represented and the value received. Foresters' conduct as described above and herein,

Envelope: 72213320

specifically constitutes a violation of Section 541.060(a)(1) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(1).

22.      Policyholders and by proxy, beneficiaries, like Plaintiff, can recover actual damages which are the "policy benefits" for extra-contractual claims such as Chapter 541 violations under the Texas Insurance Code and for commission of other bad faith claims. Plaintiff, therefore, is entitled to recover Policy benefits which is the actual damages for Foresters' violation of this section of the Texas Insurance Code. *Id*.

23.      Foresters also failed to try to settle Plaintiff's Claim in a fair manner, although, early on, it was aware of its liability to Plaintiff under the Policy. Foresters' conduct constitutes a violation of Section 541.060(a)(2)(A) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(2)(A). Foresters' conduct caused Plaintiff to lose Policy benefits to which she was entitled, and which should have been paid initially, in full, by Foresters, but was not. Plaintiff, therefore, is entitled to recover Policy benefits as actual damages for Foresters' violation of this section of the Texas Insurance Code. *Id.*

24.      In addition, Foresters failed to explain to Plaintiff the reasons for why full payment was not being made. Furthermore, Forester did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Forester's conduct is a violation of Section 541.060(a)(3) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(3). Forester's conduct caused Plaintiff to lose Policy benefits to which she was entitled, and which should have been paid initially by Foresters in full. Plaintiff, therefore, is entitled to recover Policy benefits as actual damages for Forester's violation of this section of the Texas Insurance Code. *Id.*

Envelope: 72213320

25.    Furthermore, Foresters failed to affirm or deny coverage of Plaintiff's Claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, in writing, regarding the full and entire Claim, from Foresters. Foresters' conduct constitutes a violation of Section 541.060(a)(4) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(4). Foresters' conduct caused Plaintiff to lose Policy benefits to which she is entitled, and which should have been paid initially by Foresters, in full. Plaintiff, therefore, is entitled to recover Policy benefits as actual damages for Foresters' violation of this section of the Texas Insurance Code. *Id.*

26.    Finally, Foresters refused to fully compensate Plaintiff under the terms of the Policy, and further failed to conduct a timely investigation. Specifically, Foresters delayed its investigation of Plaintiff's Claim, which resulted in nonpayment of Plaintiff's Claim as beneficiary to Decedent's life insurance Policy. Foresters' conduct constitutes a violation of Section 541.060(a)(7) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(7). Thus, Foresters' conduct caused Plaintiff to lose Policy benefits to which she was entitled, and which should have been paid initially, in full, by Foresters. Plaintiff, therefore, is entitled to recover Policy benefits as actual damages for Foresters' violation of this section of the Texas Insurance Code. *Id.*

27.    After receiving notice of Plaintiff's Claim, Foresters failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's Claim, beginning an investigation of Plaintiff's Claim, and requesting all information reasonably necessary to investigate Plaintiff's Claim within the statutorily mandated time of receiving notice of Plaintiff's Claim. Thus, Foresters' conduct is a violation of Section 542.055 of the Texas Insurance Code Prompt Payment Claims Act. *See* TEX. INS. CODE §542.055. Foresters' conduct caused Plaintiff to

Envelope: 72213320

suffer actual damages which constitutes the loss of Policy benefits to which she was entitled, and which should have been paid by Foresters. Plaintiff, therefore, is entitled to recover Policy benefits as actual damages for Foresters' violation of this section of the Texas Insurance Code. *Id.*

28.    Foresters failed to accept or deny Plaintiff's Claim within the statutorily mandated time of receiving all necessary information. Foresters' conduct constitutes a violation of Section 542.056 of the Texas Insurance Code, Prompt Payment of Claims Act. *See* TEX. INS. CODE §542.056. Foresters' conduct caused Plaintiff to suffer actual damages which constitutes the loss of Policy benefits to which she was entitled, and which should have been paid, in full, by Foresters. Plaintiff, therefore, is entitled to recover Policy benefits as actual damages for Foresters' violation of this section of the Texas Insurance Code. *Id.*

29.    Foresters failed to meet its obligations under the Texas Insurance Code regarding payment of Plaintiff's Claim without delay. Specifically, Foresters delayed full payment of Plaintiff's Claim longer than allowed, and, to date, Plaintiff has not received full payment for her Claim. Foresters' conduct constitutes a violation of Section 542.058 of the Texas Insurance Code, Prompt Payment of Claims Act. *See* TEX. INS. CODE §542.058. As a result of Foresters' violation of this section of the Texas Insurance Code, Plaintiff has lost Policy benefits to which she was entitled, and which should have been paid, in full, by Foresters and timely. Plaintiff, therefore, is entitled to recover Policy benefits as actual damages for Foresters' violation of this section of the Texas Insurance Code. *Id.*

30.    Defendant Foresters misrepresented to Mr. Bennett and Plaintiff that Plaintiff would not receive the benefits of Mr. Bennett's Policy, even though Mr. Bennett was insured by Foresters. Defendant Foresters' conduct constitutes a violation of Section 541.060(a)(1) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(1).

10

31.    Defendant Foresters failed to make an attempt to settle Plaintiff's Claim in a fair manner, although they were aware of their liability to Plaintiff as beneficiary under the Policy. Defendant Foresters' conduct constitutes a violation of Section 541.060(a)(2)(A) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(2)(A).

32.    Defendant Foresters failed to explain to Plaintiff the reasons for their failure to provide the proceeds of Mr. Bennett's life insurance Policy to Plaintiff. Defendant Foresters failed to offer Plaintiff adequate compensation, without any explanation of why full payment was not being made. Defendant Foresters did not communicate that any future settlements or payments would be forthcoming to pay the proceeds covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's Claim. Defendant Foresters' conduct is a violation of Section 541.060(a)(3) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(3).

33.    Defendant Foresters failed to affirm or deny payment of Plaintiff's Claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the Claim, in writing from Defendant Foresters. Defendant Foresters' conduct constitutes a violation of Section 541.060(a)(4) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(4).

34.    Defendant Foresters refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Foresters failed to conduct a timely investigation. Specifically, Defendant Foresters delayed the investigation of Plaintiff's Claim, which resulted in nonpayment of Plaintiff's Claim. Defendant's conduct constitutes a violation of Section 541.060(a)(7) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(7).

35.    From the time Plaintiff's Claim was presented to Foresters, the liability of Foresters to pay the full Claim in accordance with the terms of the Policy was reasonably clear. However, Foresters

refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny full payment. Foresters' conduct constitutes a breach of the common law duty of good faith and fair dealing and entitles Plaintiff to an award of actual damages and exemplary damages for Foresters' "knowing" conduct.

36.    As a result of Defendant Foresters' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing Plaintiff with respect to these causes of action.

37.    Plaintiff's experience is not an isolated case. The acts and omissions Foresters committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Foresters with regard to handling these types of claims. Foresters' entire process is unfairly designed to reach favorable outcomes for the company at the expense of rightful beneficiaries.

## CAUSES OF ACTION:

38.    As detailed above in the preceding paragraphs, Foresters is liable to Plaintiff for breach of contract, as well as for violations of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

39.    Based on the aforementioned facts above and referenced herein, Foresters' conduct constitutes a breach of the insurance contract between Foresters and Mr. Bennett and by proxy, Plaintiff. Foresters' failure and/or refusal, as described above, to pay the full amount owed to Plaintiff as beneficiary as it is obligated to do under the terms of the Policy in question constitutes a breach of Foresters' insurance contract with Mr. Bennett and by proxy, Plaintiff.

12

NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
UNFAIR SETTLEMENT PRACTICES

40.     Based on the aforementioned facts above and referenced herein, Foresters' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE §541.060(a)(1)-§541.060(a)(7). All violations under this article are made actionable by Section 541.151 of the Texas Insurance Code. *See* TEX. INS. CODE §541.151.

41.     Foresters' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, is a violation of Section 541.060(a)(1), and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(1).

42.     Foresters' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Foresters' liability under the Policy was reasonably clear, is a violation of Section 541.060(a)(2)(A) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(2)(A).

43.     Foresters' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the Claim, is a violation of Section 541.060(a)(3) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(3).

44.     Foresters' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff, is a violation of Section 541.060(a)(4) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(4).

13

45.    Foresters' unfair settlement practice, as described above, of refusing to pay Plaintiff's Claim without conducting a timely investigation, is a violation of Section 541.060(a)(7) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

46.    Based on the aforementioned facts above and referenced herein, Foresters' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims Act. All violations made under this article are made actionable by Section 542.060 of the Texas Insurance Code. *See* TEX. INS. CODE §542.060.

47.    Foresters' failure to acknowledge receipt of Plaintiff's Claim, commence investigation of the Claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and violation of Section 542.055 of the Texas Insurance Code. *See* TEX. INS. CODE §542.055.

48.    Foresters' failure to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints constitutes a non-prompt payment of the claim. *See* TEX. INS. CODE §542.056.

49.    Foresters' delay of the payment of Plaintiff's Claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, is a violation of Section 542.058 and constitutes a non-prompt payment of the Claim. *See* TEX. INS. CODE §542.058.

14

NONCOMPLIANCE WITH TEXAS BUSINESS AND COMMERCE CODE:
TEXAS DECEPTIVE TRADE PRACTICES CONSUMER PROTECTION ACT

50.    Foresters' conduct constitutes multiple violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE ANN. §17.41-17.63. All violations of this chapter are made actionable by TEX. BUS. & COM. CODE ANN. §17.50(a)(1).

51.    Foresters' misrepresentations, as described above, that goods and services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have, or that a person has sponsorship, approval, status, affiliation, or connection which he or she does not, constitutes a false, misleading, or deceptive act or practice. TEX. BUS. & COM. CODE ANN. §17.46(b)(5).

52.    Foresters' misrepresentations, as described above, that goods and services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they are of another, constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE ANN. §17.46(b)(7).

53.    Foresters' advertisement of its goods and services, as described above, with intent not to sell them as advertised, constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE ANN. §17.46(b)(9).

54.    Foresters' misrepresentations, as described above, that an agreement conferred or involved rights, remedies, and obligations, which it does not have or involve, constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE ANN. §17.46 (b)(12).

55.    Foresters' failure to disclose information concerning good or services, as described above, which was known at the time of the transaction and which was intended to induce Decedent into a transaction into which Decedent would not have entered ad the information been disclosed,

Envelope: 72213320

constitutes a false, misleading, or deceptive act and practice. Tex. Bus. & Com. Code Ann. §17.46(b)(24).

## Acts Constituting Acting as Agent

56.    As referenced and described above, and considering further conduct throughout this litigation and lawsuit, Lisa Buckland is an agent of Foresters based on her acts during the handling of this Claim, including investigations, adjustments, and aiding in adjusting a loss for or on behalf of Foresters. *See* Tex. Ins. Code §4001.051.

57.    Separately, and/or in the alternative, as referenced and described above, Foresters ratified the actions and conduct of Buckland including the completion of her duties under the common law and statutory law.

## Breach of the Duty of Good Faith and Fair Dealing

58.    Because an insurer has the ability and more easily can take advantage of the insured and by proxy, a benificary due to an insurers exclusive control over the evaluation, processing and denial of claims, insurance companies and their policies present an inherent "unequal bargaining power." In legal terms, this unlevel playing field results in a "special relationship" between an insurer and an insured and by proxy, a benificary and further justifies the imposition of a common law duty on insurers to "deal fairly and in good faith with its insureds and by proxy, benificaries Foresters' conduct constitutes a breach of the common law of good faith and fair dealing owed to insureds by proxy, benificiares like Plaintiff in insurance contracts.

59.    Foresters' conduct, as described herein, constitutes a breach of the common law duty of good faith and fair dealing owed to insureds and by proxy, beneficiaries in insurance contracts. Foresters failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Foresters refused to pay the full proceeds of the Policy, although due

16

Envelope: 72213320

notice was made for proceeds to be paid in accordance with the Policy. Thus, from and after the time Plaintiff's' Claim was presented to Foresters, the liability of Foresters to pay the full Claim was reasonably clear and there was no basis upon which a reasonable insurer would have relied to deny the full payment.

60.     At that time, Foresters knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, at the time it failed to adequately investigate and evaluate Plaintiff's Claim and to pay the full proceeds of the Policy, constitutes a breach of the duty of good faith and fair dealing. Foresters' conduct has caused Plaintiff to lose Policy benefits to which she was entitled, and which should have been paid in full by Foresters but were not.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: MISREPRESENTATIONS OF INSURANCE POLICY

61.     Based on the aforementioned facts above and referenced herein, Defendant Foresters misrepresentations and/or failures to disclose material facts relating to Foresters' Policy providing insurance coverage to Plaintiff, as described above, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.061(1). *See also* TEX. INS. CODE §541.051(1)(A)(B).

62.     Defendant Foresters' misrepresentations and/or failures to disclose or to state material facts relating to insurance coverage, as described above, necessary to make other statements not misleading, considering the circumstances under which the statements were made or not made, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.061(2).

63.     Defendant Foresters' misrepresentations and/or failure to disclose or state material facts relating to insurance coverage, as described above, which statements were made in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, constitute an

Envelope: 72213320

unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.061(3).

## FRAUD

64.     Based on the aforementioned facts above and referenced herein, Defendant is liable to Plaintiff for common law fraud.

65.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Mr. Bennett, and by proxy, Plaintiff, would not have acted as they did, and which Defendant Foresters knew were false or made recklessly without any knowledge of their truth as a positive assertion.

66.     The statements were made with the intention that they should be acted upon by Mr. Bennett, and by proxy, Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## FRAUD BY NONDISCLOSURE

67.     Based on the aforementioned facts above and referenced herein, Defendant Foresters is liable to Plaintiff for fraud by nondisclosure. Because of the parties' special relationship, Defendant had a duty to disclose material facts to Plaintiff. By intentionally failing to disclose material information that could have a significant outcome on the claim, Defendant intended to induce Plaintiff into blindly accepting Defendant's insufficient investigation. Plaintiff had detrimentally relied on Foresters to obtain full benefits under the Policy. Foresters made misrepresentations about the Policy benefits to Plaintiff. Plaintiff relied on those statements and believed the Policy provided full benefit.

Envelope: 72213320

68.  By its conduct, Defendant Foresters, intended for Plaintiff to simply rely on and accept Defendant's unreasonable evaluation the Claim, to just go away. However, Plaintiff did not simply go away. Plaintiff suffered injury from Defendant's fraud by nondisclosure conduct and have fought this battle to receive a proper payment for the Claim. But for Defendant's fraud by nondisclosure conduct, Plaintiff would have received the Policy benefits she was owed in a timely manner. As result of Defendant's actions, Plaintiff has suffered a large loss caused by Defendant's intentional delay tactics and fraud by nondisclosure, which would not have been the case had Plaintiff received a proper investigation and consideration of the terms of the Policy and Policy benefits in the beginning.

69.  By failing to provide full Policy benefits to the Policy beneficiary, Defendant intended to induce and did induce the decedent insured to purchase illusory coverage that did not meet expectations and failed to provide the desired benefits for the life insurance Policy. Plaintiff reasonably relied on Defendant's nondisclosure to her detriment and have suffered direct and consequential damages for which they now seek to recover.

CONSPIRACY TO COMMIT FRAUD

70.  Based on the aforementioned facts above and referenced herein, Defendant Foresters are liable to Plaintiff for conspiracy to commit fraud. Defendant Forester was a member of a combination of two or more persons whose object was to accomplish an unlawful purpose by lawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Foresters committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate cause.

Envelope: 72213320

## KNOWLEDGE

71.    Each of the acts described above and herein, together, and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## DISCOVERY RULE

72.    As to any claim by Defendant that any Statute of Limitations applies to bar any of Plaintiff's causes of action, Plaintiff expressly invoke the discovery rule, as that term is known and understood under Texas law.

## CONDITIONS PRECEDENT

73.    All conditions precedent to the Plaintiff's Claim for relief have been performed or have occurred and/or Foresters, have waived same. This includes, but is not limited to, providing notice pursuant to Texas Insurance Code 542A and pre-litigation alternative dispute resolution, if any.

## AMBIGUITY IN CONTRACT

74.    Under Texas law, the Court should "construe [the policy] language against the insurer in a manner that favors coverage," as to any claim by Defendant that an ambiguity in the Policy exists. *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex. 1995). Any ambiguities contained in this policy governing Plaintiff's Claim should be construed against Defendant, including any provision of coverage regarding the coverage for damages, as well as laws that govern the Policy, interpretation of the Policy, effect, and construction.

## NOTICE OF SELF AUTHENTICATING DOCUMENTS

75.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby give actual notice to all parties that any and all documents produced in response to written discovery in this case may be used against the party producing the documents at any pre-trial proceeding and/or at

Envelope: 72213320

trial of this matter without the necessity of authenticating the documents.

## DAMAGES

76.    Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

77.    For breach of contract, Plaintiff is entitled to regain the benefit of Mr. Bennett's bargain, for the purchase of the Policy, which is the amount of her Claim, together with reasonable and necessary attorney's fees under Section 38.001 of the Texas Civil Practices and Remedies Code, consequential damages, prejudgment interest, other litigation expenses and costs of the court. All conditions precedent to Plaintiff's Claim for relief have been performed or have occurred and Foresters has waived the same.

78.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, consequential damages, mental anguish, court costs, interest, and reasonable and necessary attorney's fees. For "knowing" conduct of Defendant's acts described above, Plaintiff asks for three times her actual damages under Section 541.152 of the Texas Insurance Code. *See* Tex. Ins. Code §541.152.

79.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims Act, Plaintiff is entitled to simple interest on the amount of her Claim as damages each year at the rate determined on the date of judgment, by adding five percent (5%) of the interest rate determined under Section 304.003, Finance Code, penalties, together with reasonable and necessary attorney's fees. *See* Tex. Ins. Code §542.060. As a result of the foregoing conduct, which was and is/are the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover,

21

one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

80.     For noncompliance with the Texas Deceptive Trade Practices Act-Consumer Protection Act, Plaintiff is entitled to economic damages, which include the amount of the benefits wrongly withheld. For knowing conduct violations, with regard to these breaches of duty, Plaintiff is entitled to damages for mental anguish, and Plaintiff also asks for three times their economic damages. For intentional conduct violations, with regard to these breached of duty, Plaintiff is entitled to their economic damages and damages for mental anguish, and Plaintiff asks for three times the amount of economic and mental anguish damages. Plaintiff is also entitled to court costs and attorney's fees. TEX. BUS. & COM. CODE ANN. §17.50(b)(1).

81.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

82.     For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with interest, reasonable and necessary attorney's fees, and court costs.

83.     For fraud by nondisclosure, Plaintiff is entitled to recover all direct actual damages and exemplary damages caused by Defendant's fraud, any consequential damages that may be shown, interest, court costs, reasonable and necessary attorney's fees, and costs. For conspiracy to commit fraud, Plaintiff is entitled to recover direct actual damages and exemplary damages caused by Defendant's fraud, interest, reasonable and necessary attorney's fees, and court costs, along with exemplary damages for knowing conduct.

Envelope: 72213320

84.    As a further result of the foregoing conduct, Plaintiff has suffered consequential damages. Specifically, Plaintiff has had an increase in financial burden due to the carrier's delay to make full payment to Plaintiff. Further, this has placed an undue financial hardship on Plaintiff that resulted in damages,

85.    For the prosecution and collection of this Claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

86.    Plaintiff requests a jury trial of all its causes of action alleged herein with a jury consisting of citizens residing in Tyler, Texas and Plaintiff is paying the appropriate jury fee with the filing of this petition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, Plaintiff has and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, consequential damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Envelope: 72213320

Respectfully submitted,

**Williams Hart & Boundas, LLP.**

BY:   *René M. Sigman*
        **René M. Sigman, Of Counsel**
        State Bar No. 24037492
        rmsgroup@whlaw.com
        **Alyssa M. Salinas**
        State Bar No. 24118519
        asalinas@whlaw.com
        8441 Gulf Freeway, Suite 600
        Houston, Texas 77017-5051
        (713) 230-2200 (Office)
        (713) 643-6226 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

Envelope: 72213320

JAN 3 1 2023